IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-604-BO

| | |
|---|---|
| LONNIE MARROW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| CAROLYN W. COLVIN, ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on December 15, 2016, at Raleigh City, North Carolina. For the reasons discussed below, the decision of the Acting Commissioner is reversed.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claim for disability and disability insurance benefits (DIB) pursuant to Title II of the Social Security Act and supplemental security income pursuant to Title XVI of the Social Security Act. Plaintiff protectively filed for DIB and SSI on July 19, 2011, alleging disability since April 14, 2011. After initial denials, a hearing was held before an Administrative Law Judge (ALJ) who issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

2

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff met the insured status requirements through December 31, 2014, and had not engaged in substantial gainful activity since his alleged onset date. Plaintiff's obesity, hearing loss, diabetes mellitus, bilateral knee degenerative joint disease with a history of surgery on the right knee, obstructive sleep apnea, an affective disorder, and umbilical hernia with recent repair surgery were considered severe impairments at step two but were not found alone or in combination to meet or equal a Listing at step three. The ALJ concluded that plaintiff had the residual functional capacity (RFC) could perform a reduced range of light work. The ALJ found that plaintiff could not return to his past relevant work as a tractor trailer truck driver or maintenance repairer, but that, considering plaintiff's age, education, work experience, and RFC, there were other jobs that existed in significant numbers

3

in the national economy which plaintiff could perform, including photocopy machine operator and office helper. Thus, the ALJ determined that plaintiff was not disabled as of the date of his decision, December 12, 2013.

The ALJ's decision in this instance is not supported by substantial evidence. An ALJ makes an RFC assessment based on all of the relevant medical and other evidence. 20 C.F.R. § 404.1545(a). An RFC should reflect the most that a claimant can do, despite the claimant's limitations. *Id.* An RFC finding should also reflect the claimant's ability to perform sustained work-related activities in a work setting on regular and continuing basis, meaning eight-hours per day, five days per week. SSR 96-8p; *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006).

Here, in finding that plaintiff could perform light work with limitations, the ALJ found plaintiff's alleged level of impairment was not supported by the record. Specifically, in order to find that plaintiff could perform light work, even with a sit/stand option every hour, the ALJ had to conclude that plaintiff could walk for up to six hours in an eight hour day. 20 C.F.R. § 404.1567. Further, in imposing a sit/stand option every hour, the ALJ had to conclude that plaintiff could stand for up to an hour at a time. These conclusions are not supported by the record.

Plaintiff's degenerative knee problems began in 2010, and plaintiff reported continued or worsening pain and limitations in 2011, 2012, and 2013. *See* Tr. 493 (severe knee pain in August 2011); Tr. 470 (reports of feeling depressed due to increased pain and limitations from his knees in August 2011); Tr. 616 (reports quite a bit of patellofemoral pain, x-ray reveals mild to moderate patellofemoral disease bilaterally in May 2012); Tr. 626 (meniscal tear, extensive degenerative changes identified in July 2012); Tr. 623 (reports of pain in October 2012 following

4

arthroscopic medial meniscal debridement and chondroplasty in August 2012); Tr. 622 (continues to complain of pain after standing for long periods and sitting in November 2012); Tr. 621 (noted to have considerable bilateral knee degenerative joint disease in April 2013); Tr. 641 (continued complaints of pain and noted that pain relief from steroid injections lasted only two to three weeks in July 2013).

The ALJ states in his decision that he has accounted for plaintiff's knee pain by restricting his lifting, carrying, pushing, pulling, climbing, and postural activities, as well as by including a sit/stand option, Tr. 142, but the ALJ erred in discounting plaintiff's credibility to the extent that the above limitations would sufficiently account for plaintiff's complaints. The Court recognizes that an ALJ's credibility determination should be afforded great deference, *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984), but finds here that the objective bases used by the ALJ to discredit plaintiff's statements regarding the persistence and intensity of his pain are not germane to the inquiry. Specifically, the ALJ noted that, while plaintiff consistently reported knee pain to his treatment providers, exam notes failed to show significant deficits in extremity strength, range of motion, or gait. Tr. 139. That plaintiff's motor strength, for example, was unimpaired does not under these circumstances suggest that plaintiff's allegations of pain were not credible. *See, e.g., Watson v. Colvin*, No. 5:14-CV-00809-FL, 2016 WL 319629, at *6 (E.D.N.C. Jan. 4, 2016), *report and recommendation adopted,* No. 5:14-CV-809-FL, 2016 WL 311267 (E.D.N.C. Jan. 25, 2016) (finding of full strength does not negate pain allegations where claimant diagnosed with chronic pain syndrome). Indeed, "[b]ecause pain is not readily susceptible of objective proof, however, *the absence of objective medical evidence of the*

*intensity, severity, degree or functional effect of pain is not determinative."* Hines, 453 F.3d at 564–65 (emphasis in original).

The ALJ's credibility assessment of plaintiff's sister was also flawed. Plaintiff's sister testified that plaintiff had significant knee pain which limited his walking and ability to participate in other activities. Tr. 141. She further testified that plaintiff had few mental limitations. The ALJ afforded Ms. Marrow's opinions regarding plaintiff's mental limitations great weight "as they indicate the claimant had no significant interpersonal limitations or significant mental functioning issues generally," but afforded her opinions as to plaintiff's physical limitations little weight as "they are based solely on the claimant's reports and observed activity." *Id.* Here, then, the ALJ engaged in just the sort of analysis that was rejected by the court of appeals in *Mascio v. Colvin*, 780 F.3d 632, 639 (4th Cir. 2015), which held that determining first what a claimant's ability to work is and then using that to determine whether a statement is credible "gets things backwards." (citation omitted).

Finding plaintiff's statements that he could stand for five to ten minutes at time, Tr. 26, and that he could not walk for more than 200-300 feet, Tr. 296, as well as plaintiff's sister's statements that plaintiff's knee pain greatly limited his walking ability, even only partially credible undermines the ALJ's decision that plaintiff could perform light work with restrictions as provided in the RFC such that it is not supported by substantial evidence.

*Reversal for Award of Benefits*

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015

6

(4th Cir. 1984). When "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for award of benefits rather than remand is appropriate. *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). Remand, rather than reversal, is required when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013).

The Court in its discretion finds that reversal and remand for an award of benefits is appropriate in this instance as the ALJ has clearly explained the basis for his decision and there is no ambivalence in the medical record. The record properly supports a finding that plaintiff's limitations would prevent him from performing the walking and standing requirements of light work or a sit/stand option every hour. Due to plaintiff's age,[1] limited education, limitation to unskilled work, and past relevant work at the medium level, a finding that he could perform the exertional limitations of sedentary work would direct a finding of disability. 20 C.F.R. Pt. 404, Subpt. P, App. II § 201.10. Accordingly, there is no benefit to be gained from remanding this matter for further consideration and reversal is appropriate.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 17] is GRANTED and defendant's motion for judgment on the pleadings [DE 19] is DENIED. The

---

[1] Plaintiff turned fifty in October 2013, prior to the date of the ALJ's decision. Tr. 142.

decision of the ALJ is REVERSED and this matter is REMANDED to the Acting Commissioner for an award of benefits.

SO ORDERED, this __13__ day of January, 2017.

                                                                     TERRENCE W. BOYLE
                                                                     UNITED STATES DISTRICT JUDGE